REPLEVIN for a cow. Narr., in the detinuit. The defendant avowed that he took the cow damage feasant. Replication and issue.
The proof in the case was that plaintiff's cow with others, broke into the defendant's garden, in the town of New Castle, and destroyed his cabbages. He took her up and sent notice to the owner, who refused to go for her, but sued out a writ of replevin.
Mr. Wales, for the plaintiff, contended: 1st. That it was lawful for the owners of cattle to suffer them to run at large. 3d. That the charter of New Castle provides a specific remedy for cattle trespassing, and requires them to be put in the public pound. (Dig. 625.) *Page 244 
3d. That it was incumbent on defendant in this case to prove that he had sufficient fences and gates, and that the breach was actually made by this cow. The evidence was that she was there with two others.
It has been decided by Judge Parsons, (Massachusetts,) that there is no common law in relation to fences. It is all the subject of statutory enactments.
Mr. Rogers replied, that the act of assembly referred to was obsolete. It had never been used. There had never been a public pound or pound-keeper. But if it were in full force it was only a special remedy, to be used or not as the party pleases; leaving him still his choice of the several remedies at common law.
But this defendant, injured by the trespassing cow, was not seeking to recover damages. He was only defending himself against a claim for damages for taking up a cow which was eating up his garden. He had shown a proper and legal defence to such an action by pleading and proving that he took the cow damage feasant. He insisted, moreover, that by the common law, every man's land was enclosed by an ideal, invisible fence, sufficient to protect it against trespassing cattle, or to afford him the means of redress for all injuries thence accruing. No one has the right to turn his cow out on the public without being answerable for all the damages she may do.
The Court declined expressing an opinion on the other points of the case, as it was only necessary to state that the avowry was sustained if the evidence was credited; the issue being whether the cow was taken doing damage.
 Verdict for defendant.